In the Matter of ARTHUR O. LIPINSKI, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.

Second Department, February 5, 1973.

*Alfred D. Fredericks* for petitioner.

*Arthur O. Lipinski,* respondent in person.

*Per Curiam.* The respondent was admitted to practice by this court on February 15, 1934. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report.

The petition sets forth two charges. The first charge alleges that after having been consulted professionally by a neighbor in connection with a strip of property adjacent to the neighbor's home, the respondent arranged for his wife, in her maiden name, to purchase the strip from the City of Yonkers and then indicated his willingness to sell the property to the neighbor at a much higher price. In the second charge it is alleged that after the respondent was retained to represent the seller of certain property, a real estate broker was referred by the seller to the respondent who " stated that he would obtain the commission due to   *   *   *   [the broker] provided   *   *   *   [the broker] paid him a part of the said commission."

With respect to the first charge, Mr. Justice McCULLOUGH found that " while there may not have been a formal attorney-client relationship established," the respondent was, in fact, consulted by his neighbor in connection with the strip of property and that his subsequent actions with respect thereto constituted unprofessional conduct. Similarly, as to the second charge, Mr. Justice McCULLOUGH concluded that the respondent was guilty of unprofessional conduct in that he had attempted to induce the real estate broker to share his commission with him in return for the respondent's getting his client to authorize payment of the commission.

In our opinion, the evidence adduced at the hearing fully supports the findings of the respondent's wrongdoing with respect to the two charges. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the measure of the discipline to be imposed for the respondent's misconduct we deem significant the follow-

ing further findings made by Mr. Justice McCULLOUGH: "The respondent herein has been uncooperative from the beginning of these proceedings. He refused to cooperate in any way with the * * * Grievance Committee and has been uncooperative with the Court in the conduct of these hearings." The Justice further concluded that the respondent "very rarely gave responsive answers" and that his "testimony generally was evasive." Under all the circumstances, we are of the opinion that the respondent should be and he hereby is suspended from the practice of law for a period of two years, commencing March 1, 1973, and until the further order of this court.

RABIN, P. J., LATHAM, GULOTTA, SHAPIRO and CHRIST, JJ., concur.